**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL STUDENT LEGAL DEFENSE NETWORK,<br><br>    1015 15th Street NW, Suite 600<br>    Washington, D.C. 20005<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>    400 Maryland Avenue SW,<br>    Washington, D.C. 20202<br><br>    Defendant. | Case No. 19-cv-1492 |

**COMPLAINT**

1.    Plaintiff National Student Legal Defense Network ("NSLDN") brings this action against the United States Department of Education ("Department") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

2.    This case is about the Department's failure to release agency records subject to FOIA that relate to the Department's oversight of institutions of higher education owned by the Dream Center Foundation ("DCF") and Dream Center Educational Holdings, LLC ("DCEH") (collectively "Dream Center"), including the now-closed Argosy University and a chain of institutions often referred to as the "Art Institutes." In January 2019, DCEH, Argosy, and the Art Institutes were

placed into federal receivership, overseen by the U.S. District Court for the Northern District of Ohio. *See Digital Media Solutions, LLC v. South Univ. of Ohio, LLC*, Case No. 1:19-cv-145 (N.D. Ohio Jan.18, 2019) ("Receivership"). Argosy University closed in March 2019, affecting nearly 9,000 students. Also, $16 million in federal student loans are unaccounted for, with no explanation from the schools, the Receiver, or the Department.

3. On November 30, 2018, NSLDN submitted a FOIA Request (the "PPA Request") seeking the release of the Program Participation Agreements ("PPAs") of four Art Institute schools owned by the Dream Center. A PPA is an agreement entered into between an institution of higher education and the Department, with respect to the terms and conditions of that institution's participation in the student financial aid programs governed by Title IV of the Higher Education Act.

4. On December 27, 2018, NSLDN submitted a FOIA Request (the "LOC Request" and, together with the PPA Request, the "Requests") seeking the release of Letters of Credit ("LOCs") held by the Department from October 2017 to the present for all schools owned and operated by the Dream Center, as well as communications regarding LOCs and the accreditation status of certain Dream Center-owned schools.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

6. NSLDN is a non-partisan, non-profit organization incorporated in the District of Columbia. NSLDN's mission is to work, through a variety of means, to advance students' rights to

educational opportunity and to ensure that higher education provides a launching point for economic mobility. To further its mission, NSLDN gathers information, including through FOIA requests submitted to government agencies, in order to inform the public via, *inter alia*, its website, social media, press releases and other comments to the media, and regulatory comments to government agencies. NSLDN has its principal place of business at 1015 15th Street NW, Suite 600, Washington, D.C., 20005, which is located within this District.

7. Defendant is a department of the executive branch of the United States government headquartered in Washington, D.C., and an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). The Department, in its current form, was created by the Department of Education Organization Act of 1979, 20 U.S.C. § 3401 *et seq.* The Department has possession, custody, and control of the records that NSLDN seeks to obtain and which the Department is unlawfully failing to disclose.

## STATEMENT OF FACTS

*PPA Request*

8. NSLDN submitted the PPA Request to the Department on November 30, 2018. Specifically, the PPA Request seeks:

   a. All PPAs entered into between [the Department] and the Art Institute of Houston, LLC (including any branch campuses) on or after the date that [the Education Management Corporation, hereafter "EDMC"] completed sale of the school to the Dream Center Foundation and/or Dream Center Educational Holdings, LLC;

   b. All PPAs entered into between [the Department] and the Art Institute of Colorado, LLC (including any branch campuses) on or after the date that EDMC completed

sale of the school to the Dream Center Foundation and/or Dream Center Educational Holdings, LLC;

   c. All PPAs entered into between [the Department] and the Illinois Institute of Art [hereafter "IIA"], LLC (including any branch campuses) on or after the date that EDMC completed sale of the school to the Dream Center Foundation and/or Dream Center Educational Holdings, LLC; *and*

   d. All PPAs entered into between [the Department] and the Art Institute of Pittsburgh, LLC (including any branch campuses) on or after the date that EDMC completed sale of the school to the Dream Center Foundation and/or Dream Center Educational Holdings, LLC.

9. On December 4, 2018, the Department acknowledged its receipt of the PPA Request, stated that it had "forwarded [the PPA Request] to the primary responsible office(s) for action," and assigned tracking number No. 19-00426-F.

10. On December 28, 2018, the Department sent an "initial determination letter" stating that the PPA Request "was forwarded to the appropriate office(s) within the Department for any responsive documents they may have" and explaining that "[w]e aim to complete your requests as promptly as possible. At this time, we are unable to provide an estimated completion date, but intend to provide records on a rolling basis as they become available."

11. On February 12, 2019, the Department granted NSLDN's request for a fee waiver.

12. On April 22, 2019, NSLDN sent an email to the Department's FOIA office requesting an update on the status of the PPA Request. On April 23, 2019, the Department responded that the "program office assigned to search for records responsive to your request is still conducting its search. Once the search for responsive records has been completed the status will be

4

updated accordingly." On April 23, 2019, NSLDN responded by explaining that the PPA Request seeks "discrete, readily identifiable documents" and that "[n]o searches are required" to call up the documents. NSLDN further requested that the Department prioritize the request for PPAs that it entered into with IIA. NSLDN has not received a response to the April 23 communication.

13. As of the filing of this complaint, the Department has not made a determination as to the PPA Request.

14. Through the Department's failure to make a determination as to the PPA Request within the time period required by law, NSLDN has constructively exhausted its administrative remedies and seeks immediate judicial review.

*LOC Request*

15. NSLDN submitted the LOC Request to the Department on December 27, 2018. Specifically, the LOC Request seeks:

   a. All LOC[]s posted by DCF, DCEH, or any schools owned and operated by DCF and DCEH from October 2017 to the present;

   b. All communications between [the Department] and DCF, DCEH, or any schools owned and operated by DCF and DCEH, about its LOCs or requirements to post LOCs;

   c. All communications between December 15, 2017, and February 1, 2018 between [the Department] and DCF, DCEH, or IIA about IIA's change of status from accredited to Change of Control-Candidacy;

   d. All communications between May 15, 2018, and July 15, 2018 between [the Department] and DCF, DCEH, or IIA about IIA's accreditation status;

    e.    All communications between [the Department] and [the Higher Learning Commission, hereafter "HLC"] about IIA's January 20, 2018 change of status from accredited to Change of Control-Candidacy; *and*

    f.    All communications between [the Department] and HLC about restoring IIA's accreditation, including any communications about retroactively treating as accredited students' credits earned while IIA was not accredited.

16.    The LOC Request asks that the Department include, at least, the following individuals as custodians to be searched: Betsy DeVos, Diane Auer Jones, Josh Venable, Bob Eitel, James Manning, Kathleen Smith, Carlos Muniz, Steven Menashi, Donna Mangold, Jed Brinton, Jeffrey (Justin) Riemer, Steven Finley, Herman Bounds, Frank Brogan, Phil Rosenfelt, Robin Minor, Ron Bennett, Mike Frola, and Megan Coyle.

17.    The LOC Request also provides a list of requested search terms to enable the Department to identify relevant documents.

18.    On December 28, 2018, the Department acknowledged its receipt of the LOC Request, stated that it had "forwarded [the Request] to the primary responsible office(s) for action," and assigned tracking number No. 19-00611-F. The December 28 letter only listed two of the six subparts that make up the LOC Request.

19.    On January 4, 2019, NSLDN emailed the Department's FOIA office seeking confirmation that all six subparts within the LOC Request would be responded to under the assigned FOIA No. 19-00611-F. The same day, the Department confirmed that all six subparts would be treated as part of the LOC Request.

20.    On January 28, 2019, the Department sent an "initial determination letter" stating that, due to "unusual circumstances that exist with your FOIA requests as defined by [5] U.S.C.

§ 552(a)(6)(B)(i)(ii), the Department will not be able to respond by the 20 day statutory requirement." The letter further stated that "[w]e aim to complete your requests as promptly as possible. At this time, we are unable to provide an estimated completion date, but intend to provide records on a rolling basis as they become available."

21. As of the filing of this complaint, the Department has not made a determination as to the LOC Request.

22. Through the Department's failure to make a determination as to the LOC Request within the time period required by law, NSLDN has constructively exhausted its administrative remedies and seeks immediate judicial review.

### COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records With Respect to NSLDN's FOIA Requests

23. NSLDN repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

24. Through the Requests, NSLDN properly requested records within the possession, custody, and control of ED.

25. ED is an agency subject to FOIA and it must, therefore, make reasonable efforts to search for requested records.

26. ED has failed to promptly review agency records for the purpose of locating those records that are responsive to the Requests. In this regard, the Department has failed to conduct an adequate search.

27. ED's failure to conduct adequate searches for responsive records violates FOIA.

28. NSLDN is therefore entitled to declaratory and injunctive relief requiring the Department to promptly make reasonable efforts to search for records responsive to the Requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records With Respect to NSLDN's FOIA Request

29. NSLDN repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

30. Through the Requests, NSLDN properly requested records within the possession, custody, and control of the Department.

31. The Department is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

32. The Department is wrongfully withholding non-exempt records requested by NSLDN by failing to produce records responsive to the Requests.

33. The Department is wrongfully withholding non-exempt agency records requested by NSLDN by failing to segregate exempt information in otherwise non-exempt records responsive to the Requests.

34. The Department's failure to provide all non-exempt responsive records violates FOIA.

35. NSLDN is therefore entitled to declaratory and injunctive relief requiring the Department to promptly produce all non-exempt records responsive to the Requests and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, NSLDN respectfully requests the Court to:

(1) Order the Department to conduct a search or searches reasonably calculated to uncover all records responsive to NSLDN's FOIA requests;

(2) Order the Department to produce, by such date as the Court deems appropriate, any and all non-exempt records responsive to NSLDN's FOIA requests and an index justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin the Department from continuing to withhold any and all non-exempt records responsive to NSLDN's FOIA requests;

(4) Award NSLDN attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); *and*

(5) Grant NSLDN such other relief as the Court deems just and proper.

Respectfully Submitted,

*/s/ Daniel A. McGrath*
Daniel A. McGrath
D.C. Bar No. 1531723

*/s/ Sara Kaiser Creighton*
Sara Kaiser Creighton
D.C. Bar No. 1002367

*/s/ John E. Bies*
John E. Bies
D.C. Bar No. 483730

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
 (202) 897-4213
daniel.mcgrath@americanoversight.org
sara.creighton@americanoversight.org
john.bies@americanoversight.org

/s/ *Alexander S. Elson*
Alexander S. Elson (D.C. Bar 1602459)
Eric Rothschild (D.C. Bar 1048877)
National Student Legal Defense Network
1015 15th Street N.W., Suite 600
Washington, D.C. 20005

9

                    alex@nsldn.org
                    (202) 734-7495

*Counsel for Plaintiff*

Dated:  May 22, 2019